*In re* DETTMAN'S ESTATE.

APPEAL OF DETTMAN.

1. EXECUTORS AND ADMINISTRATORS—NOMINATION OF ADMINISTRATOR—HUSBAND AND WIFE—BIGAMY—STATUTES.

Although a wife, during the lifetime of her husband, from whom she was never divorced, lived in a state of adultery with another man, without any ceremony of marriage, bearing him two children, but whose meretricious relations ceased more than 14 years before the death of her husband, with whom she cohabited from time to time, she was the latter's widow, and as such entitled to nominate the administrator of his estate, and Act No. 327, Pub. Acts 1905 (3 Comp. Laws 1915, §§ 14618, 14619), providing that no surviving spouse who *at the time of the death* was living with another person in a bigamous relation should take any interest in the property of the deceased, and that in any order made determining heirs or distributing property if it appeared that the surviving spouse was living in bigamy at the time of such death, such order should be made as if such spouse had not survived, is not applicable.

2. BIGAMY—WHAT CONSTITUTES.

Bigamy means more than the meretricious relation of one
who has a spouse living; it imports a form or ceremony
of marriage by a spouse who has a lawful wife or husband.

Error to Lenawee; Hart, J. Submitted January
12, 1917. (Docket No. 123.) Decided March 29, 1917.

Petition by Minnie Holtz to the probate court for
the appointment of Gustave Schultz as administrator
of the estate of William Dettman, deceased. Also petition
by Alice G. Dettman for the appointment of
Herbert R. Clark as such administrator. From an
order appointing said Schultz, Alice G. Dettman appealed
to the circuit court, where it was heard before
the court without a jury. Order of probate court affirmed,
and said Dettman brings error. Reversed and
remanded to probate court with directions.

*Marion W. Bacombe* and *Herbert R. Clark,* for appellant.

*Wallace Westerman,* for appellee.

OSTRANDER, J. It is the law that the widow of one
dying intestate, leaving an estate in this State to be
administered, may be appointed, or may nominate, the
administrator of the estate. William Dettman died
intestate during the summer of 1915, leaving property.
Two sisters and a niece survived him. One
of the sisters filed a petition in probate court for
Lenawee county, asking for the appointment of a
certain person as administrator of the estate. Appellant,
who claimed to be widow of deceased, asked
for the appointment of another person, about whose
qualifications for the position no question is made.
The petitions came on to be heard together, and the
prayer of the sister was granted. An appeal to the
circuit court resulted in an affirmance of the order,
and upon a motion for a new trial, which was denied,
reasons were filed for denying the motion.

That the deceased and appellant were married December 27, 1888, is not seriously disputed. She and deceased lived and cohabited together after the marriage and there is no evidence of a divorce. Appellant testified that they were not divorced. The court found, however, that appellant—

"previous to the death of said William Dettman lived in a bigamous relation; therefore should not inherit or be treated as his wife under Act 327 of the Public Acts of 1905 (3 Comp. Laws 1915, §§ 14618, 14619)."

This act, it will be found, provides that no person who at the time of the death of the lawful husband or wife of such person was, or shall be, living with another person, within or without the State, pursuant to a purported marriage, but in fact in a bigamous relation, shall inherit or take any estate, right, or interest whatever in the property of the deceased; that in any order determining heirs or of distribution, hereafter to be made, if it appears to the probate court that the surviving spouse was thus living in bigamy *at the time of such death,* whether the death occurred before or after the passage of the act, such order shall be made as if such spouse had not survived.

The record advises us that the marriage of appellant and Dettman was considered by the court below to be established, and that the parties were not divorced; that appellant was and is the widow of Dettman. Whether she had an interest in Dettman's estate was made to depend, not upon whether she is in fact his widow, but upon the application of the statute referred to.

The testimony very clearly shows that appellant, at some time after her marriage to Dettman, lived in Toledo with a man named Benedict in the apparent relation of wife. She was called, and sometimes called herself, Mrs. Benedict. Two children were born to

her, and they were called Benedict. Appellant testified, and no testimony disputes her, that her relations with Benedict were ended in December, 1900, and never resumed; that there had been no marriage ceremony. She testified, further, that Dettman was cognizant of her relations with Benedict, notwithstanding which she and Dettman from time to time cohabited.

I conclude, as did the trial court, that appellant is the widow of William Dettman, but am of opinion that the statute has no application to the case made by the evidence. According to the record she was not living with Benedict when Dettman died, and had not been for more than 14 years. Further than this, it does not appear that her relation to Benedict had ever been a bigamous one. Bigamy means more than the meretricious relation of one who has a husband or wife living. It imports a form or ceremony of marriage by a spouse who has a lawful wife or husband. It is unnecessary, therefore, to consider whether it was competent for the legislature to affect appellant's rights as wife and widow by the legislation in question.

The probate court should have considered her as widow of the deceased, its order was wrong, and the order sustaining it upon appeal was erroneous. Both are set aside, and the probate court is advised to enter an order appointing the nominee of appellant administrator of the estate. Appellant will recover costs of this appeal out of the estate.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.