## *In re* MORGAN'S ESTATE.

### MORGAN *v.* MORGAN.

1. EXECUTORS AND ADMINISTRATORS—WIDOW'S RIGHT OF PRIORITY TO BE ADMINISTRATRIX—STATUTES.

Under 3 Comp. Laws 1915, § 13820, the widow of one dying intestate leaving an estate in this State to be administered is not only given the right of priority among relatives to be appointed administratrix, but this right of priority extends amongst those who may request the appointment of some other person.

On right of first entitled to letters of administration to nominate a third person, to exclusion of those next entitled thereto, see note in 22 L. R. A. (N. S.) 1161.

209—Mich.—5.

2. SAME—TIME OF PETITION—INTERVENING RIGHTS.

Where a son filed a petition for appointment as administrator within five days of the death of intestate, and about three months later the widow filed a cross-petition for her own appointment, she did not lose her right to appointment because her petition was not filed within 30 days, no rights of third parties having intervened, and no one being misled as to the issue.

3. SAME—PRESUMPTIONS—STATUTES.

All presumptions are in favor of the person to whom the statute gives preference.

4. SAME—COMPETENCY OF WIDOW—EVIDENCE—BURDEN OF PROOF.

The widow being presumed under her statutory right to be competent and suitable, the burden of proof rests upon those contending to the contrary.

5. SAME—COMPETENCY OF WIDOW—TEST.

A widow's right to appointment as administratrix of her husband's estate is not barred because another is by comparison better qualified and more capable than she; a good mind and sound judgment, a knowledge of the values of property, and of the practical business transactions of life being sufficient to satisfy the requirements of the statute.

6. SAME—DISCRETION OF PROBATE COURT TO APPOINT WIDOW.

Where no issue of fact was raised in the probate court as to the widow's competency to be appointed administratrix of her husband's estate, the probate judge had no discretion, and her appointment should have followed as a matter of right.

7. APPEAL AND ERROR—WRIT OF ERROR—REVIEW—COMMON LAW.

A writ of error is only allowable to review cases involving proceedings or issues according to the course of the common law.

8. SAME—CERTIORARI TO REVIEW PROCEEDINGS OF INFERIOR COURTS—QUESTIONS OF LAW.

It is permissible, where other remedies are not provided, to review by common-law certiorari, judicial proceedings of inferior tribunals not according to the course of the common law, and such review by certiorari not only applies to jurisdiction to act but extends to the manner in

which the jurisdiction of the inferior court was exercised, when a question of law with no issue of fact is involved.

9. SAME—WRIT OF ERROR TREATED AS CERTIORARI TO REVIEW QUESTION OF LAW.

While a writ of error operates as does a writ of certiorari to remove the record to the appellate court, yet when technically not the appropriate remedy it does not become a mandate compelling the court of review to act; but where it presents a pure question of law proper for review by certiorari, which has been fully argued and submitted, the Supreme Court may, in its discretion, regard the writ as fairly such in import and to all intents, or in technical compliance with the rule allow the writ of certiorari in form *nunc pro tunc*, and reverse or affirm accordingly.

10. SAME—EXECUTORS AND ADMINISTRATORS — PROBATE APPEAL.— REVIEW—CERTIORARI.

Where the probate judge erroneously refused to appoint the widow as administratrix of her husband's estate, and appointed a son, there being no issue as to her fitness under the statute (3 Comp. Laws 1915, § 13820), which order was affirmed on appeal to the circuit court on the ground that there was no abuse of discretion, the Supreme Court will review and reverse the order, although the case was removed to this court by writ of error instead of by certiorari.

Error to Calhoun; North (Walter H.), J.   Submitted January 21, 1920.   (Docket No. 19.)   Decided February 27, 1920.

Elizabeth Morgan appealed from an order of the probate court of Calhoun county appointing Frank B. Morgan administrator of the estate of Benjamin F. Morgan, deceased.   From a judgment affirming the probate order, appellant brings error.   Reversed.

*Henry F. Jacobs* and *Burritt Hamilton*, for appellant.

*John W. Bailey* and *Walter S. Powers*, for appellee.

Steere, J. On November 22, 1917, Benjamin F. Morgan, then over 80 years of age, died intestate at his home in Emmet township, Calhoun county, survived by his widow, Elizabeth Morgan, and four children by a former wife,—John C., William T., Frank B. Morgan and Lucy Johnson, all adults past middle life. He left an estate inventoried in the probate court at $69,631.45, consisting chiefly of over 1,200 acres of farm lands in Calhoun county, inventoried at $65,450, with conceded debts amounting to $30,100, most of which consisted of mortgages upon his real estate and disputed claims against the estate by certain of his heirs. His widow, Elizabeth Morgan, had resided with him upon his farm in Emmet township since their marriage some 12 years before his death.

On November 27, 1917, five days after his father's death, John C. Morgan filed a petition in the probate court of Calhoun county praying that his brother, Frank B. Morgan, or some other suitable person, be appointed administrator of deceased's estate, alleging that the widow, Elizabeth Morgan, was not a competent person for such appointment.

On January 16, 1918, Frank B. Morgan filed a petition praying for his own appointment, or that of some other suitable person, as administrator of said estate, averring in said petition that he was—

"one of the largest creditors of said deceased; that the estate of said deceased owes me many thousands of dollars; that said estate is indebted to my brother, Will T. Morgan, in practically the same amount that it is indebted to me. We two are by far the largest unsecured creditors of said deceased. * * *

"The widow, Elizabeth Morgan, has had nothing to do with the carrying on of deceased's business and is not competent to do so and it would be detrimental to the best interests of the estate to have her take charge of the business of said deceased, and detrimental to the best of all creditors, including myself."

On February 26, 1918, Elizabeth Morgan filed a cross-petition in the probate court setting up that she as widow of deceased was entitled by law to appointment as administratrix, alleging business experience and competency to administer said estate, that she was familiar with the business affairs of deceased, having assisted him and been his business confidant during the 12 years of their married life.

On March 8, 1918, she filed in the probate court objections to the appointment of Frank B. Morgan as administrator, on the ground that she as widow of deceased was a competent person and entitled to the first right of appointment; that Frank B. was disqualified to impartially administer said estate because he and his brother, William T., were making large personal claims against it, the validity of which was denied; that Frank B. Morgan and one or more of his brothers had operated certain farms of deceased for years and now claim they were at the time of his death in partnership with deceased, with whom no accounting of their partnership business had ever been had, and in relation to which they claim an accounting is necessary, and Frank B. Morgan if appointed administrator would be in the position of accounting as administrator with himself as a personal claimant against the estate.

On March 12, 1918, she filed a further objection that Frank B. Morgan, for the purpose of making it appear that the interest of the widow was less than was the fact, did not as special administrator file a true inventory of the estate; that deceased's daughter, Lucy Johnson, claimed ownership of 96 acres, the title of which stood in deceased at the time of his death, and that Frank B. Morgan favors and supports her claim, adverse to the rights of the widow and to the estate.

On March 12, 1918, hearing was had before the

probate court and Frank B. Morgan was appointed administrator. On March 20, 1918, notice of appeal was filed and served by the widow on substantially the same grounds as already stated. On December 12, 1918, the appeal was heard before the circuit court of Calhoun county without a jury and the appointment by the probate court of Frank B. Morgan as administrator was affirmed.

In making the appointment of Frank B. the probate court held, and said in part—

"that he [Frank B. Morgan], as between the two contestants for said appointment, is found to be entitled to the appointment as administrator for said estate, and that the widow, Elizabeth Morgan, is not so entitled under the showing made in her behalf, and that in pursuance of the foregoing findings of said court, by reason of the statute in such case made and provided, it is ordered that said Frank B. Morgan be, and he is hereby appointed, administrator of said estate."

In the opinion of the circuit court affirming the probate court it is said in part:

"I can readily understand how the character of this trust and the extent of the property might well have brought the probate court to the conclusion that Frank Morgan was really better qualified than the widow and perhaps even better qualified than an outsider to go on and continue to conduct the farming interests and dairy interests, etc., involved here, as I understand from the record, and to ultimately close up and dispose of the estate. And finally it is not a question whether or not Mr. Frank Morgan would have been the choice appointee of this court if the matter had been originally here, but the question is, whether or not the circuit court should find that the probate judge in making this appointment abused his discretion by appointing a man who is not suitable and who is not competent to discharge this trust. I think the record in this case does not justify such a finding."

These excerpts indicate, and the record does not

disclose to the contrary, that in making the appointment the probate court did not find that the widow, considered individually, was an incompetent, unfit or unsuitable person to act as administratrix of her husband's estate, but adopted a rule of comparison, making the selection by comparing her qualifications with those of the party appointed, and the circuit court took the controlling question on appeal to be whether the probate judge "abused his discretion in appointing a man who is not suitable and who is not competent to discharge this trust."

Though not set out in any findings or order of the probate court, it is evident from the issue made by the pleadings and the opinion of the circuit court that the probate court in applying the adopted comparative method of test, selected the appointee on the ground that he knew more about the dairy and farming business, and deceased's method of carrying it on, than did the widow. If the widow's statutory right to appointment as administratrix of the estate of her deceased husband depended upon her superior knowledge of the business or profession in which he was engaged as compared with that of some competent person actively engaged in such calling, it would seem to be of doubtful value.

Whatever efforts were made by his children, or widow, to induce deceased during his lifetime to dispose of his estate either by conveyance or will, he, in fact, did neither, but left it to be distributed after his death as the law provides and died intestate. The applicable statute in such case, section 13820, 3 Comp. Laws 1915, provides:

"SEC. 2. Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"1. The widow, husband or next of kin, or a grantee

of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin or grantee may request to have appointed, if suitable and competent to discharge the trust.

"2. If the widow, husband, next of kin or grantee, or the person selected by them shall be unsuitable or incompetent, or if the widow, husband, next of kin or grantee shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it.

"3. If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

This provision of the probate law has long been upon our statute books without material change in form and from the beginning has, in harmony with statutory provisions in most other jurisdictions, recognized the preferred right of a widow or husband to letters of administration for the estate of a deceased spouse. This statute gives to the widow not only priority amongst relatives who may be appointed but also priority amongst those who may request the appointment of some other person. Whenever the question has arisen this court has emphasized that right.

In an opinion written by Justice CAMPBELL, *Breen* v. *Pangborn*, 51 Mich. 29, the court said:

"Without passing upon any of these questions of procedure, which could only become important by the application of some authorized person for the granting of letters, it is sufficient to say that under our statutes administration can only be granted to or on application of one or more of the persons specified in the statute itself, and as among them can only be granted in the order and under the contingency specified."

Speaking through Chief Justice Cooley, the court said in *Lloyd* v. *Wayne Circuit Judge*, 56 Mich. 236:

"But there are some rights which the wife would have as widow, but which the husband might take away by will, which clearly give her a standing in court on the ground of interest. One of these is the first right to administer upon the estate. This is an important and substantial right, and is given to the widow for that reason."

"Respondent [the widow], under 3 Comp. Laws [1897], § 9324, was entitled to first right of appointment as administratrix." *McFarlan* v. *McFarlan*, 155 Mich. 652.

"It is the law that the widow of one dying intestate, leaving an estate in this State to be administered, may be appointed, or may nominate, the administrator of the estate. * * * The probate court is advised to enter an order appointing the nominee of appellant [the widow] administrator of the estate." *In re Dettman's Estate*, 195 Mich. 231.

It is urged for appellee that whatever may have been the widow's right to appointment had she made timely application therefor, that right was lost by her failure to petition for appointment within 30 days after the death of her husband. The provision as to 30 days is in paragraph 2 of the section quoted, and relates to the right of creditors to institute proceedings to probate the estate and legally establish their claims against it where the other interested parties mentioned in paragraph 1 have failed to take any steps towards probation which would give them opportunity to do so. The creditors have no right to move for probation until after the expiration of 30 days, and not then if any one of the relatives mentioned in paragraph 1 has instituted proper proceedings, except upon the remote contingency that all those mentioned in paragraph 1 should ultimately be found unsuitable or incompetent. Whether the widow would have a

right to insist on her appointment after the creditors had properly instituted probate proceedings in compliance with paragraph 2 is not involved here. The contest in the instant case is between the widow and a son, following a petition filed by an heir within five days after the death of the intestate which directly challenged her right to appointment. She joined issue upon that challenge, asked for her own appointment, their conflicting counterclaims for that position filed in the probate court logically went to hearing as one proceeding and were so heard by a court having jurisdiction of the parties and subject-matter, no rights of third parties intervened and no one was misled as to the issue.

The circuit court disposed of the appeal on the theory that the probate court in making the appointment was exercising a discretionary power as to which it could not be said there was an abuse of discretion. This as applied to the widow's "important and substantial right" of preference suggests the question of what discretion exists in such cases and its limit. All presumptions are in favor of the person to whom the statute gives preference. *Ex parte Small*, 69 S. C. 43 (48 S. E. 40). The widow is presumed under her statutory right to be competent and suitable, and is presumptively entitled to her choice as to who should administer her husband's estate. *Grece* v. *Helm*, 91 Mich. 450. It follows that the burden of proof rests on those contending to the contrary. That some discretion rests in the probate court there can be no doubt. If a fair issue of fact was raised by the evidence of those denying the widow's competency because of unsound mind, lack of normal understanding or average intelligence, intemperance, dishonesty or want of integrity, dissolute habits or other disqualifying moral delinquencies, the discretion of the probate court can

readily be conceded. No such questions are raised here.

The limit of appellee's claim here is that the widow should be barred from her right because another is by comparison better qualified and more capable than she. Such is not the test. The words "suitable and competent" in the connection used in the statute do not, as applied to the widow's right, mean by comparison with the business knowledge and ability of some one else, or that she must be skilled in her husband's calling and familiar with the details of his business. In preserving that right to her it has been held in other jurisdictions that old age, physical infirmity, poverty, lack of business education, or illiteracy do not *per se* bar the widow of her right. *Matter of Berrien,* 3 Demarest (N. Y.), 263; *Nusz* v. *Grove,* 27 Md. 391; *Bowersox's Appeal,* 100 Pa. St. 434. In the last cited case it is said:

"A good mind and sound judgment, a knowledge of the values of property, and of the practical business transactions of life, are sufficient to satisfy the requirements of the statute."

When the case came on for trial in the circuit court defendant's counsel objected to a jury being called on the grounds "that there is an issue of law and not of fact involved," and in any event the finding of the jury would not be binding on the court if called and stated, in answer to the court's inquiry, it was their claim that the widow had absolute right to appointment under the statute and, if not, there was an abuse of discretion in appointing the son for various reasons stated, which were in substance those set out in the claim of appeal, and that the burden of proof in the case was upon appellee. Opposing counsel made no objection to the proposition as to burden of proof and proposed several questions of fact in writing which it was requested should be determined by a jury.

These related to the competency and suitableness of the widow and Frank B. Morgan to administer the estate of deceased. The court declined to call a jury. Counsel for appellee then stated that if on the face of the papers, showing Elizabeth Morgan widow and Frank Morgan next of kin, she was entitled to the appointment under the law "regardless of any proof of discretion or fitness based on evidence," there was no use offering any testimony. After some discussion appellant's counsel with permission of the court proceeded to introduce the records of the probate court and call witnesses, and appellee's counsel objected to any testimony as to the competency or fitness of either Frank Morgan or the widow of deceased. The court allowed the testimony to proceed, subject to the objection, but framed no issue beyond acquiescing in the suggestion of appellee's counsel that appellant's testimony should be confined to the reasons stated in her pleadings. Appellee's counsel offered no testimony, but when appellant rested moved for affirmance of the probate court on the ground there was no showing of abuse of discretion or other ground to warrant a different judgment. The court affirmed the order of the probate court on the ground already stated.

The testimony did show, in confirmation of the presumption as to competency which the law implied, that appellant was an educated woman of intelligence and ability, 48 years of age, a trained nurse who had for years followed that calling and held positions of trust and responsibility in the Battle Creek sanitarium, at times in charge of from 35 to 50 nurses, had grown to womanhood upon a farm and after her marriage lived upon a farm keeping house for and assisting deceased in his business affairs during the 12 years of their married life. Much of the testimony offered by appellant was directed against the suitability of the appointee under the circumstances shown and the

claim of abuse of discretion should the court find the widow not entitled to the appointment under the statute as a matter of right, and complaint is made of rulings curtailing the inquiry along that line. These we regard as immaterial to the question of the widow's competency.

A somewhat troublesome question is raised by appellee's contention that a writ of error is not the proper method to bring this case here for review. In support of that objection counsel cite numerous cases and particularly emphasize *Brinsmade's Appeal,* 52 Mich. 537 ; *Woolley* v. *Crane,* 86 Mich. 360. Those cases and others to the same effect turn upon the proposition that a writ of error is only allowable to review cases involving proceedings or issues according to the course of the common law. In the *Brinsmade Case* which involved the appointment of an administrator it is said, after stating the general rule,—

"There was no question presented on which the intervention of a jury could have been a matter of right, and no common-law issue whatever."

In the *Woolley Case,* also involving the appointment of an administrator, it is said, citing and quoting from the *Brinsmade Case:*

"The appointment of an administrator, and the questions involved in such contest, cannot be said to be a proceeding according to the course of the common law."

As indicating a modification or recognized exception to that rule counsel for appellant cite *Carpenter* v. *Wood,* 131 Mich. 314, *In re Dettman's Estate,* 195 Mich. 231, involving probate proceedings not according to the course of the common law, and brought to this court on exceptions to rulings. It is pointed out those cases were disposed of on their merits and urged that appellant should be accorded the same consider-

ation and protection against hostile administration as was given the widow in those cases. The *Carpenter Case* was reviewed on a case-made and the *Dettman Case* on writ of error. An examination of the original records in both of those cases shows that no objection was interposed to the method of removing them to this court for review. The often and recently-repeated rule upon that subject has not been changed. *Hartz* v. *Wayne Circuit Judge,* 164 Mich. 231; *Township of Custer* v. *Dawson,* 178 Mich. 367; *In re Erdman's Estate,* 179 Mich. 567.

It is, however, permissible, where other remedies are not provided, to review by common-law certiorari, judicial proceedings of inferior tribunals not according to the course of the common law, and such review by certiorari not only applies to jurisdiction to act but extends to the manner in which the jurisdiction of the inferior court was exercised, when a question of law with no issue of fact is involved. While a writ of error operates as does a writ of certiorari to remove the record to the appellate court, yet when technically not the appropriate remedy it does not become a mandate compelling the court of review to act, and reverse or affirm the case; but where the writ of error squarely presents a pure question of law proper for review by certiorari which has been fully argued and submitted, it is the opinion of this court that it may, in its discretion, regard the writ as fairly such in import and to all intents, or in technical compliance with the rule allow the writ of certiorari in form *nunc pro tunc,* and reverse or affirm accordingly. Such course is recognized as proper in some other jurisdictions (*Welsh* v. *Brown,* 42 N. J. Law, 323), and is not altogether without precedent in this State. In *Attorney General* v. *Marx,* 203 Mich. 331, this court heard and disposed of a certiorari proceeding to review mandamus although noting quo warranto and not mandamus was

the proper remedy.  In *Township of Custer* v. *Dawson, supra,* where it was held that technically a writ of error was the proper method to review the case, the writ of certiorari by which it was appealed was treated as if it were a writ of error and judgment of reversal entered.

It is the conclusion of this court that we may, and, under the circumstances of this case should, pursue that course.  Only a question of law as applied to undisputed facts is involved.  Under the statute and attendant presumptions the widow is entitled to letters of administration.  The order of the probate court exceeded the limits of its jurisdiction to exercise a discretion under the statute.

The order of the circuit court affirming the same is therefore reversed, but without costs to either party.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.