*In re* CORBY'S ESTATE.

CORBY *v.* RABAUT.

1. EVIDENCE—COPY OF BIRTH CERTIFICATE CERTIFIED AS TRUE AND
CORRECT ADMISSIBLE.

A copy of a birth certificate certified by the State health
commissioner as a true and correct copy of the one on
file is admissible in evidence under 2 Comp. Laws 1915,
§ 5621, and Comp. Laws Supp. 1922, §§ 5612 (1-3), provid-
ing for the admission in evidence of a copy of a birth
certificate properly certified by the said officer, although
compliance was not had with the general statute (3 Comp.
Laws 1915, § 12527) relative to certified copies of records.[1]

2. SAME—STATEMENT IN ANSWER IN DIVORCE SUIT INADMISSIBLE
TO REBUT PATERNITY.

In proceedings by the guardian of an infant daughter for
the appointment of his nominee as administrator of the
deceased father's estate, deceased's answer in divorce suit
stating that he was not the father of said daughter was
inadmissible to rebut her *prima facie* paternity; it being
but a self-serving statement and not admissible as sub-
stantive evidence.[2]

3. EXECUTORS AND ADMINISTRATORS—RIGHT TO NOMINATE ADMINIS-
TRATOR MAY BE INVOKED BY GUARDIAN OF INFANT.

The right vested by statute (3 Comp. Laws 1915, § 13820),
granting right of nomination of an administrator to the
next of kin, is not divested by infancy or incompetency
of the next of kin, but, like any other right, may be
invoked for the infant or incompetent by the general
guardian.[3]

4. SAME—DAUGHTER BORN IN WEDLOCK ENTITLED TO NOMINATE
ADMINISTRATOR OF FATHER'S ESTATE.

Evidence establishing marriage between deceased and
daughter's mother, and the birth of said daughter in wed-
lock, *prima facie* established the paternity of deceased, and

[1]Evidence, 22 C. J. § 976; [2]Id., 22 C. J. § 193; [3]Executors and
Administrators, 23 C. J. § 113.

entitled the daughter, by her guardian, to exercise her statutory right to nominate an administrator of deceased's estate.[4]

5. SAME—HEARSAY—APPEAL AND ERROR—HARMLESS ERROR.
    The admission of hearsay testimony, where the hearing was before the court, and such testimony was not needed in reaching the determination, was harmless error.[5]

Error to Wayne; Webster (Arthur), J.   Submitted April 8, 1925.   (Docket No. 39.)   Decided May 14, 1925.

Stephen Corby filed a petition in the probate court for the appointment of the Union Trust Company as administrator of the estate of Thomas W. Corby, deceased.   John C. Rabaut, guardian of Marie Theresa Corby, an infant, filed a petition for the appointment of the Security Trust Company as such administrator. The Union Trust Company was appointed, and John C. Rabaut, guardian, appealed to the circuit court. Judgment reversing the probate court and appointing the Security Trust Company.   Stephen Corby brings error.   Affirmed.

*Edward H. Kennedy* and *Edward H. Kennedy, Sr.,* for appellant.

*Leo P. Rabaut* and *Lightner, Oxtoby, Hanley & Crawford,* for appellee.

WIEST, J.   Thomas W. Corby, widower, with no children, on May 22, 1919, at the age of 74 years, married Madeline Beals, his housekeeper, and four months later Madeline gave birth to a girl baby, named Marie Theresa Corby.   October 23, 1922, Thomas and Madeline were divorced, in a suit brought by Madeline and upon answer and cross-relief asked by Thomas.   Decree was granted on Madeline's bill

---

[4]Executors and Administrators, 23 C. J. § 113; [5]Appeal and Error, 4 C. J. § 2982.

and she received $50,000.    By agreement between counsel in the divorce case the paternity of Marie was not determined by the court.    Mr. Corby died, intestate, June 8, 1924.    Nephews and nieces of the deceased applied to the probate court to have the Union Trust Company of Detroit appointed administrator of the estate, and the guardian of Marie applied asking for the appointment of the Security Trust Company of Detroit.    The probate court appointed the Union Trust Company, an appeal was taken to the circuit, by the guardian of Marie, and in the circuit the order of the probate court was reversed and the Security Trust Company appointed.    The order in the circuit did not determine, except *prima facie*, the paternity of Marie.    We are asked to do no more.    The learned circuit judge found that, *prima facie*, Marie was the daughter of Thomas W. Corby, having been born in wedlock, and, under the statute (3 Comp. Laws 1915, § 13820), granting right of nomination of an administrator to next of kin, her nominee, being suitable, should be appointed.    See *In re Morgan's Estate,* 209 Mich. 65; *In re Berner's Estate,* 217 Mich. 612.    By writ of error the nephews and nieces seek reversal of such order.    To prove the birth of Marie, and *prima facie* establish the paternity of Mr. Corby, a copy of the record of her birth, on file in the office of the State commissioner of health, certified by the State health commissioner, was received in evidence. The certificate attached to the record of the birth of Marie stated:

"I hereby certify that the above is a true and correct copy of the certificate of birth on file in the Michigan department of health.

"R. N. OLIN, M. D.,<br>"State Health Commissioner.

Lansing, Michigan,
June 30, 1924.
(Seal)."

It is admitted that 2 Comp. Laws 1915, § 5621, as amended by Act No. 170, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5612 [1-3]), makes a copy of a birth certificate, *properly* certified by the State commissioner of health, admissible in evidence, but it is insisted that to be properly certified requires a statement that the copy has been compared with the original on file and is a transcript of the whole of the original, and 3 Comp. Laws 1915, § 12527, is cited. Authority to certify is found in the statute relating to the recording of birth certificates. The word "properly" does not bring in operation the general statute relative to certified copies of records. Is this copy of the public record properly certified as true and correct? If it is true and correct, then it is the whole thereof and necessarily implies it has been compared with the original on file. While the certificate might be improved by mentioning the name of the person, and state the copy is the whole of the record and has been compared, and not leave such matters to implication, we think it sufficient to admit the copy in evidence. In the divorce case the bill was filed by Mrs. Corby and, in the answer thereto, Mr. Corby asserted he was not the father of Marie. In the case at bar appellants wanted to use such answer as evidence to rebut the *prima facie* paternity of Marie, and the court excluded it. At the most this answer was a self-serving statement of Mr. Corby and appellants had no right to employ it as substantive evidence, for it never was evidence and could not be used except in a proper case as an admission against interest made by Mr. Corby. In the circuit the evidence established the marriage between Thomas and Madeline, the birth in such wedlock of Marie, and such facts, *prima facie*, entitled Marie, by her guardian, to exercise her statutory right and to nominate an administrator. The right vested by statute in next of kin is not divested by infancy or incom-

petency of the next of kin, but like any other right may be invoked for the infant or incompetent by general guardian.    The asserted illegitimacy of Marie does not meet the *prima facie* evidence of the paternity of Thomas W. Corby.    The hearsay testimony of John C. Rabaut should have been excluded, but inasmuch as the hearing was before the court, and such testimony was not needed in reaching the determination, its admission was harmless error.    This disposition of the case renders it unnecessary to consider the technicalities asserted by appellee.

The claimed errors urged for reversal have been considered and found without merit, and the order appealed from is affirmed, with costs against appellant.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.