IN RE ESTATE OF JUSTINA KOTKA.
TILLIE LONG AND OTHERS v. NICHOLAS CHRISTOPHER.[1]

April 5, 1935.

No. 30,355.

[1]Reported in 260 N. W. 314.

*M. E. Louisell* and *John H. Louisell,* for appellants.
*Jenswold, Jenswold & Dahle,* for respondent.

JULIUS J. OLSON, JUSTICE.

Appeal from an order refusing motion for new trial.

The facts are: Justina Kotka, a resident of Duluth, died May 1, 1934, testate, survived by her husband, Erik Kotka, but leaving no issue. No executor was named in the will. On May 3, 1934, the husband petitioned the probate court to have the will admitted and to have himself appointed administrator with the will annexed. In his petition he renounced and refused to accept the provisions made for him by the will and elected to take under the statutes of descent. The will provided that the bulk of the estate was to

go to Tillie Long, a sister, and to Peter and Arvid Boikela, brothers of decedent. The sister came to Duluth from her home in California "to attend the funeral." She lost no time upon arrival there also to petition the probate court for her own appointment to the same office. Joined by her brother Peter, she strenuously objected to the husband's appointment. These petitions and objections came before the probate court for hearing. That court found both Tillie Long and Erik Kotka to be unsuitable for the position and appointed Nicholas Christopher, whose name had been suggested by the husband and his attorney, to be administrator with the will annexed, the court finding that he was a suitable and competent person. Thereupon the sister and brother appealed to the district court. There the matter was heard anew. The findings of that court sustained and affirmed the appointment of Mr. Christopher. A motion for amended findings or new trial was made and denied. This appeal followed.

2 Mason Minn. St. 1927, § 8776, provides that letters of administration with the will annexed, "in case no executor is named in a will, or the executors named therein are dead or refuse to act, or neglect to qualify, \* \* \* shall be granted to such person as would have been entitled thereto if the decedent had died intestate."

Section 8772 applies to intestate estates. In such cases priority of right of nomination goes to "the surviving spouse or next of kin or both, as the court may determine, or some person selected by them or either of them, provided that in any case the person appointed shall be suitable and competent to discharge the trust."

In behalf of respondent it is urged that as decedent died testate (and no one questions that fact) § 8776 is applicable. Therefore, so he argues, if decedent had died intestate, being survived by her husband, it would necessarily follow that the husband would take under the statute of descent as her sole heir. 2 Mason Minn. St. 1927, §§ 8719, 8720, 8726. The argument appears irresistible. Necessarily the husband had a prior right, not merely to apply for his own appointment, but also to nominate some other person to act provided such person was by the probate court found "suitable and competent to discharge the trust."

Appellants claim that under § 8772 the surviving spouse and "next of kin" occupy the same position and that as such the brother and sister have an equal right to that of the surviving husband to nominate. If it be granted that this claim is well founded, it would still leave with the probate court the primary duty and responsibility of determining between these two forces who should be appointed. It seems to us, however, that appellants overlook the fact that these people are not "next of kin" under the terms of the statute. Necessarily that phrase refers to intestate estates, not to cases of testacy. Here, if decedent had died without will, these persons who are now claiming to be next of kin could not possibly be such in the sense of taking by inheritance. While the blood relationship might so classify them, the statute has seen fit to eliminate them from right of inheritance. Their sole right to any interest in decedent's estate arises out of and exists only by virtue of the provisions made for them in the will. They have no other rights.

"Next of kin, within the meaning of the statute, are those who take under the statutes of descent and distribution, excepting husband and wife. * * * A brother is not next of kin if the decedent left a child." Dunnell, Minn. Prob. Law, § 653; also see authorities cited under notes 2 and 4.

As we have already noted, the statute determines the right of appointment and nomination. While it is the general policy of the law to grant administration of estates to persons interested therein, this upon the presumption that they will be more likely to conserve the assets for their own benefit and for those similarly situated, yet an interest in the estate is not essential to eligibility. *Id.* § 649. True, the surviving spouse has no absolute right to appointment. This is so because the probate court may refuse to appoint such survivor if he or she is not "suitable and competent to discharge the trust." Ordinarily the rule is to appoint such surviving spouse, and this course is followed in most instances as a matter of course. *Id.* § 651. It necessarily follows that the right of nomination is of similar importance. *Id.* § 652. In re Estate

of Rugh, 211 Iowa, 722, 234 N. W. 278; In re Morgan's Estate, 209 Mich. 65, 176 N. W. 606-608; In re Berner's Estate, 217 Mich. 612, 187 N. W. 377. We think, upon the facts here appearing, the right of nomination was with the surviving husband. While the court found him an unsuitable person to be appointed, the foundation for that finding being that he could not speak English nor could he read or write, nevertheless, even with these disqualifications, he, being mentally competent and so capable of exercising intelligent choice, possessed the right of nomination. After all, the vital thing and the important finding is that the person appointed is qualified. The parties should not lose sight of the fact that the principal purpose of administering an estate is to take charge of, collect, and manage the estate, settle and pay claims against the same, and to distribute the remainder to those who have the right thereto whether under the laws of descent or by the will of its owner. To accomplish these purposes probate courts are invested with exclusive original jurisdiction. *Id.* § 613. The proceeding is *in rem,* the *res* being the property left by the deceased. *Id.* § 614. Bickerings and quarrels amongst those who are to receive a decedent's property oftentimes would lead to disastrous results were rights to be determined by mere numbers or weight of interests. Very properly and appropriately the law has seen fit to vest in the probate court, as the court of first instance, sole and plenary jurisdiction.

Both courts below have decided adversely to appellants' contentions. Viewing their claims from any angle and giving them the most favorable consideration, it is clear that only fact questions are involved. These have been decided adversely to their contentions upon adequate proof. That should settle the matter. A careful review of the evidence convinces us that the conclusions reached below are right.

The order is affirmed.