In re ADOPTION OF HOWARD CLAY HUGHES, Jr., a Minor Child.

In re HABEAS CORPUS OF HOWARD CLAY HUGHES, Jr.

Nos. 13338, 13392—Opinion Filed Feb. 20, 1923.

(Syllabus.)

1. Adoption—Proceedings — Right of Appeal to Supreme Court.

There is no specific statute providing for appeals to the Supreme Court from the action of the county court in adoption proceedings.

2. Same—County Court Jurisdiction—Conclusiveness of Order of Adoption.

An order of the county court permitting the adoption of an infant child is conclusive, so far as that court is concerned. Such court has no further jurisdiction in the matter.

3. Same—Nature of Proceeding.

The adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation.

4. Same—Setting Aside Adoption—Right of Appeal.

No appeal to the Supreme Court lies from the action of the county court in setting aside adoption proceedings.

5. Habeas Corpus—Custody of Child—Temporary Order—Right of Appeal.

Record examined, and held, that the order of the district court appealed from in the habeas corpus case is not a final order; that for this reason the habeas corpus proceeding is remanded to the district court, with directions to take such further action within its jurisdiction as may be necessary for the final determination of the case on its merits.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Petitions by Olivia Wolford to set aside adoption proceedings and for writ of habeas corpus seeking the care and custody of minor child, Howard Clay Hughes, Jr., judgments for petitioner, and adverse parties, Lillian and Paul Kennedy, appeal. Cases consolidated; appeal in first case dismissed, and second case remanded, with directions.

L. H. Taylor and Phillips & Douglas, for plaintiffs in error.

C. A. McSwain, for defendant in error.

KANE, J. The first of the above entitled and numbered cases is an appeal from the action of the county court of Tulsa county in setting aside the adoption proceedings of Howard Clay Hughes, Jr., a minor child, had in that court. In that proceeding, Olivia Wolford, the mother of the child, was the petitioner.

The second case was also instituted by Olivia Wolford, she being petitioner, for a writ of habeas corpus, wherein she alleged that the child, Howard Clay Hughes, Jr., was being unlawfully and illegally withheld from her care and custody by Lillian and Paul Kennedy. Upon return to the writ of habeas corpus issued in pursuance of this petition, Lillian and Paul Kennedy set up the adoption proceedings assailed in the first case and alleged that by virtue thereof they were entitled to the care and custody of the minor as his foster parents. Thereupon the petitioner filed a pleading questioning the validity of the adoption proceedings upon the same grounds contained in the petition filed in the county court. This latter proceeding was filed in the district court of Okfuskee county.

Upon hearing of the habeas corpus proceedings, the trial court. after finding that it was for the best interest of said Howard Clay Hughes, Jr., that he should be awarded to his mother, the said Olivia Moss, entered a judgment substantially as follows: That the said writ of habeas corpus be and the same is hereby sustained, in so far as the care and custody of the said Howard Clay Hughes, Jr., is concerned during the pendency in the Supreme Court of the appeal from the action of the county court of Tulsa county setting aside the order of adoption, as herein above set out. From this order the foster parents appeal to this court.

The record of the various judicial proceedings disclosing the facts out of which these two controversies arose is voluminous, and the facts themselves considerably involved. But in the view we take of the matter, it will not be necessary at this time to state the facts at length or to pass upon the numerous questions of law touching the validity of the adoption proceedings argued by counsel for the respective parties in their briefs.

In the first place, there is no specific statute providing for appeals to the Supreme Court from the action of the county court in adoption matters. It has been held by the Supreme Court of Kansas, where the statutes on adoption are substantially the same as our own, that:

"An order of the probate court permitting the adoption of an infant child is conclusive so far as that court is concerned. Such court has no further jurisdiction in the matter." In re Bush 47 Kan. 264, 27 Pac. 1003.

In the second place, the Supreme Court of California, where the law of adoption still more closely approximates our own, holds: That the adoption of a child is essentially a matter of contract between the parties whose consent is required, and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation. In re Johnson's Estate, 33 Pac. 460; In re Stevens, 83 Cal. 322, 23 Pac. 379.

If this is good law, and there is no serious contention that it is not, of course it follows that this court has no jurisdiction on appeal over such matters, and for this reason the appeal in the first proceeding must be dismissed.

In the second proceeding it appears from the excerpt from the judgment roll hereinbefore set out that the order of the trial court appealed from was not a final order, and that it does not purport to be such. The decree merely provided for the care and custody of the child during the pendency of the appeal from the action of the county court. That matter being now disposed of, the district court which has very extensive and general jurisdiction in habeas corpus cases where the care and custody of a minor is concerned, is at liberty to proceed to a final determination of the case pending before it.

This, in our judgment, is the proper practice, and in pursuance of this view, the habeas corpus case is remanded to the district court of Okfuskee county, with directions to take such further action within its jurisdiction as may be necessary for the final determination of the case upon its merits.

It is so ordered.

JOHNSON. V. C. J.. and McNEILL, KENNAMER. NICHOLSON, COCHRAN, and BRANSON, JJ., concur.