## CONSOLIDATED SCHOOL DIST. NO. 8 v. WILDER, Supt. (Consolidated School Dist. No. 2, Intervener).

No. 20320.  Opinion Filed March 31, 1931.

Ross Rizley, R. B. Loofbourrow, Orlando F. Sweet, and A. L. Maltby, for plaintiff in error.

Hiram A. Butler and E. B. McMahan, for defendants in error.

SWINDALL, J.  This action was commenced in the district court of Cimarron county, Okla., on the 13th day of June, 1928, by the plaintiff in error, as plaintiff, against the defendant in error, M. E. Wilder, county superintendent of public instruction of Cimarron county, Okla., as defendant, for writ of certiorari, alleging that certain orders were made by said county superintendent of public instruction, purporting to detach from said consolidated school district certain tracts of its territory and attaching the same to consolidated school district No. 2 of said county, and that said orders were null and void; said consolidated school district No. 2 intervened in the action and was permitted to defend because of its direct interest in the subject-matter of the action.  The parties will hereafter be referred to as they appeared in the trial court.

The defendant and intervener have filed a motion in this court to dismiss the appeal for the reason that said appeal is null and void in that the case-made filed in the Supreme Court was never filed in the office of the court clerk of Cimarron county, Okla. This motion was denied by this court, September 24, 1929; however, counsel for defendant and intervener in their brief insist that the motion is well taken and should be sustained, and that the order entered September 24, 1929, should be vacated.

We agree with counsel for defendant and intervener that the rule of law announced in their brief in support of their motion is a well-established rule of this court. However, the facts as disclosed by the record do not sustain their contention, as the original case-made attached to the petition in error shows at page 3 thereof that the same was filed in the office of the court clerk of Cimarron county, Okla., on March 28, 1929, the date that the same was signed by the trial judge and attested by the court clerk. We therefore hold that the ruling entered September 24, 1929, is correct and adhere to that ruling.

Plaintiff complains of three orders made by the defendant county superintendent of public instruction of Cimarron county, detaching certain territory from its district and attaching same to consolidated school district No. 2, and is seeking by certiorari proceeding to have said orders declared null and void and of no force and effect for the reason that the county superintendent of public instruction did not post written notices as required by section 10321, C. O. S. 1921.

The orders complained of by plaintiff are as follows:

An order dated May 10, 1927, detaching certain territory from consolidated school district No. 8 and attaching same to consolidated district No. 2.

Also:

An order dated May 12, 1927, detaching certain territory from consolidated school district No. 8 and attaching same to consolidated district No. 2.

And:

An order dated July 25, 1927, detaching certain territory from consolidated school district No. 8 and attaching same to consolidated district No. 2.

On July 21, 1927, following the same procedure complained of by plaintiff in error as to the above orders, the county superintendent made an order detaching certain territory from consolidated district No. 2 and attaching the same to district No. 8.

After the orders complained of by plaintiff in error were made, both consolidated

district No. 8 and consolidated district No. 2 voted bonds. The boundaries of consolidated district No. 8 as certified for bonding purposes did not include the territory in the first three mentioned orders, and the boundaries of consolidated district No. 2 as certified for bonding purposes did include said territory, and the children in said territory thereafter continued to attend school in consolidated district No. 2, and said territory was bonded for the purpose of erecting a building in consolidated district No. 2.

Intervener claims that consolidated district No. 8 was never legally organized for the reason that district 27 was never lawfully detached from said consolidated district No. 2 and the proceedings consolidating common school districts Nos. 27 and 10, which were not adjacent districts, together with a portion of consolidated district No. 2, were unlawful for the reason that there is no law authorizing the consolidation of common school districts and territory already consolidated; the procedure authorized by law being merely for the annexation of unconsolidated territory to consolidated territory. Said intervener also requested the court in the event it held said orders to be void to likewise hold the orders void in which territory had been detached from consolidated district No. 2 and attached to plaintiff district, and that it likewise hold all of the orders consolidating district No. 8 null and void, and also contended that plaintiff district was estopped to question the legality of said orders for the reason that it did not certify said territory within its boundaries at the time of bonding, and for the further reason that at different times the voters of said district petitioned the county superintendent to detach part or all of the same territory from consolidated district No. 2, and reattach same to consolidated district No. 8, and, for the further reason that said consolidated district No. 8, or the voters thereof, failed to take any appeal from the action of the county superintendent in making said orders.

The petition for writ of certiorari was not filed in the district court of Cimarron county, Okla., until June 13, 1928.

The cause was tried on November 2, 1928, and judgment rendered by the district court of Cimarron county, and prayer of plaintiff's petition for writ of certiorari was denied, and the plaintiff excepted; filed its motion for new trial, which was considered and overruled on the 11th day of January, 1929; plaintiff in open court gave notice of its intention to appeal to this court, and the record is now here for review.

The record shows conclusively that the county superintendent failed to post notice as required by section 10321, C. O. S. 1921. The trial judge does not state his reason for denying the prayer of the petition for writ of certiorari; however, this being a matter in which the public has an interest and the general welfare of the public school system of the state is involved, we assume that the trial court denied the writ for the reason that consolidated district No. 8 and consolidated district No. 2 had each recognized the boundaries of their respective districts, and had voted bonds and erected school houses in their respective districts, had employed teachers in said districts, held school meetings, made estimates of their needs to the county excise board, and raised revenue by taxation to run the schools in said districts.

Certiorari is not a writ of right, but is to be granted or not in the discretion of the court, and the writ will issue only where no appeal or proceeding in error lies, and ordinarily where the error cannot otherwise be corrected. School district No. 6 of McClain County et al. v. Board of County Commissioners of McClain County, 108 Okla. 254, 236 Pac. 21; Oliver v. State ex rel. State Board of Medical Examiners, 122 Okla. 66, 251 Pac. 31.

Under the holdings of this court, where the trial court exercised a judicial discretion, this court will not reverse the judgment of the trial court unless the trial court clearly abused its discretion. Trimmer v. State ex rel. Springer, 142 Okla. 278, 287 Pac. 783. Owing to the fact that plaintiff did not commence this proceeding until more than a year after two of the orders complained of were entered, and shortly before the expiration of a year before the third order was entered, and the further fact that should we grant the writ prayed for at this time it might work a greater hardship on the school districts involved and cause more confusion and expense than to permit the judgment of the trial court to stand, we feel that, under all the circumstances, the trial court in denying the prayer of plaintiff's petition did not clearly abuse its discretion.

We do not want to be understood as approving the course of procedure adopted by the county superintendent in detaching territory from school district No. 8 and attaching the same to school district No. 2, as under the holdings of this court such procedure would not meet the requirements of the law relating to detaching territory under section 10321, C. O. S. 1921, which is made

applicable by section 10472, C. O. S. 1921, in this class of cases. Gregg v. Hughes, 89 Okla. 168, 214 Pac. 904; Chandler v. Barber, 113 Okla. 222, 241 Pac. 145.

The county superintendent seems to have been so anxious to grant speedy relief in this case that he did not take time to make the proper records of his proceedings in changing the boundaries of these school districts, or require the necessary proof as to the number of qualified electors resident in the territory composing the districts, and carried two many of the records around in his mind instead of entering them upon the records in his office as required by law. However, the course of procedure pursued by him was no more out of harmony with the statutes than that pursued by the board of county commissioners in reversing the county superintendent in organizing common school district No. 27. Where an appeal is taken from the county superintendent to the board of county commissioners as provided for by law, on appeal the board of county commissioners does not have any authority to permit names to be added to the petition requesting the organization of the district or to the protest, but must try the same on the petition and protest coming to that board on appeal and determine from the facts whether or not the same is sufficient.

The same rule of law applies in such cases as is applicable to appeals from the board of county commissioners to the district court. Parker v. Board of County Com'rs, Tillman County, 41 Okla. 723, 139 Pac. 981; Smith v. Board of Com'rs of Garvin Co., 62 Okla. 120, 162 Pac. 463; Breadwell v. Board of Com'rs of Bryan Co., 88 Okla. 147, 211 Pac. 1040.

We call attention to these facts for the reason we desire to impress upon county officers that in matters of such importance to the qualified electors, taxpayers, and pupils of the districts, the officials dealing with the same must be more careful in their proceedings. Were it not for the fact that the plaintiff acquiesced in the orders detaching territory from consolidated district No. 8 and attaching the same to consolidated district No. 2, and the trial court has exercised a discretion vested in it and denied the prayer of plaintiff's petition, and the other complications which we have mentioned which might arise, we feel that we would be duty bound to reverse this cause.

Plaintiff further contends that it is entitled to an injunction enjoining the defendant from detaching the territory mentioned from its district and attaching the same to defendant district, and cites decisions of this court and the Supreme Court of Kansas to sustain that contention. We cannot determine that issue on this appeal, for the reason that plaintiff prayed for writ of certiorari in the trial court, and that is the only issue before this court for determination.

For the reasons stated, we feel that the judgment of the trial court should be affirmed, and it is so ordered.

LESTER, C. J., CLARK, V. C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. HEFNER, J., absent.