40 P.(2d) 627

GALLUP SOUTHWESTERN COAL CO. v. GALLUP AMERICAN COAL CO.

No. 3876.

Supreme Court of New Mexico.

Sept. 4, 1934.

On Rehearing Jan. 23, 1935.

Wilson & Woodbury, of Silver City, and Harris K. Lyle, of Gallup, for appellant.

H. C. Denny, of Gallup, and J. O. Seth, of Santa Fé, for appellee.

HUDSPETH, Justice.

On June 1, 1932, appellee filed its application in the district court of McKinley county for the condemnation, for mining purposes, of certain rights of way over the lands of the appellant. Appellant demurred to the application, the demurrer was overruled without prejudice, and commissioners were appointed to assess the damages which appellant would sustain by the taking of the rights of way. In due course the commissioners filed their report. At the hearing upon the confirmation of the report appellant again demurred to the application, on the ground, among others, that the statute under which the proceedings were brought, sections 88-401 through 88-409 of the 1929 Compilation, was unconstitutional and in violation of article 2, §§ 4, 18, and 20, of the Constitution of the State of New Mexico, "in that the Legislature of the State of New Mexico under the said constitution has no right or authority to authorize the condemnation of any property whatsoever for private use and that it appears from this application and petition that the applicant and plaintiff seeks to condemn private property for its own private use." This demurrer was overruled, and the report of the commissioners, over the objections of appellant, modified, and, as modified, confirmed. Final judgment was entered on October 22, 1932, ordering the sheriff to put appellee in possession of the rights of way upon receipt by appellant of the amount of damages fixed by the commissioners. The case is before us on appellee's motion to dismiss appellant's appeal from that order.

Appellee, in urging the dismissal of the appeal, argues that no right of appeal to the Supreme Court exists except where the same is specifically given by statute; that the proceeding here involved is a "special proceeding" and therefore not a "civil action," within the general appellate statute; and that the statute authorizing the proceeding makes no provision for an appeal. Appellant does not seriously dispute the proposition that the proceeding authorized by sections 88-401 through 88-409 is not an ordinary civil action, but a special proceeding, and that, if a right to appeal exists, that right must be found in the statute authorizing the proceeding. He argues, however, that section 88-409 gives that right. That section reads as follows: "The proceedings provided for in this article shall be as in a court of chancery, except as otherwise provided, and the judge of the district court of the county where such land lies may render his final decree therein in chambers, as well as in term time."

The argument is that, since nothing is "otherwise provided" as to an appeal, the case is governed by the general appellate statute.

The authorities cited by appellant in support of the construction urged are clearly distinguishable. In Spencer v. City of Portland, 114 Or. 381, 235 P. 279, a right of appeal was specifically granted by the statute referred to and assimilated by the statute authorizing the eminent domain proceeding there involved. The rule is well established that: "Where a statute authorizes a condemnation and provides that the assessment of damages or proceedings shall be according

to some other law referred to, if the latter gives an appeal, the same right of appeal will exist in cases under the former law." Lewis, Eminent Domain (3d Ed.) p. 1359.

Authority for the appeal allowed in People v. Bank of San Luis Obispo, 152 Cal. 261, 92 P. 481, was found in the general appellate statute (Code Civ. Proc. § 939) which provided that "an appeal may be taken from a final judgment in an action *or special proceeding* commenced in the court in which the same is rendered." Similarly, in O'Donnell v. Sixth Judicial District Court, 40 Nev. 428, 165 P. 759, the general practice act expressly gave an appeal from a final judgment in a "special proceeding." See section 5329, Rev. Laws of Nevada.

Statutory provisions as to appeals generally are found in sections 105-2501 and 105-2502 of the 1929 Compilation. The former section gives an appeal from "any final judgment in any civil action," while the latter specifies certain orders from which an appeal may be taken. Nowhere is it suggested in the statutes that an appeal lies from every exercise of chancery jurisdiction or from an order or judgment in any proceeding prosecuted in equity which does not fall within the category of a "civil action" or within one of the special classes enumerated in section 105-2502.

Authority for the entertaining of an appeal from a final order in the condemnation proceedings here involved is completely lacking, and the appeal must therefore be dismissed.

It is so ordered.

WATSON, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.

On Motion for Rehearing.

WATSON, Justice.

What we now have before us is not strictly a motion for rehearing. It was presented as an independent application for certiorari. Of our own motion and for our own reasons, we directed that it be filed in the appeal and at least first considered as if on motion for rehearing.

The dismissal of the appeal was decided upon despite a doubt on the part of at least one participating justice, who deemed the question so close that he would not have been averse to a holding tracing to the Legislature an intent to allow an appeal in this special proceeding.

The suggestion was also made in conference, and aroused some interest, that it might be a useful procedural innovation if we were to hold that where an appeal has been allowed to this court and perfected by the filing of a record of the proceedings, and the appeal must be dismissed, as in this case, because the statute fails to afford that remedy, the court may of its own motion, and in a proper case, at its discretion, retain the cause as if on certiorari, deciding such of the contentions, if any, as are open on certiorari. While we concluded against proceeding thus of our own motion, we determined to give the matter further consideration in case the appellant

should, as we anticipated that it might, return with an application for certiorari.

Since the argument Mr. Justice HUDS-PETH has announced a disqualification to participate further in the cause. Unfortunately the remaining justices, a bare majority, have found themselves divided in principle and thus unable to dispose of this application in a manner to make it a precedent.

The general objection to the application is laches. The particular objection is that an application for certiorari, presented after the lapse of the time within which an appeal may be allowed or a writ of error sued out, comes too late. And this, regardless of any change in the situation of the parties. This view has been adopted in many jurisdictions, and finds support in this court as for the moment constituted.

On the other hand, there is support among us for the view that no purely arbitrary time limit should be placed upon our right to issue certiorari; that the question should always be one of laches strictly; that where the lapse of time has not been accompanied by any change in situation, to the prejudice of a party if his victory should be turned into defeat on review, a delay of six months (now three months), though seriously to be considered, should not necessarily be fatal. Of course, no one contends that the writ should be issued as of right at any time.

A choice between these views must, of course, await concurrence of a majority of the court in one or the other of them, in deciding a cause or adopting a rule. Pending that,

however, and without prejudice to either view stated, we attempt a disposition of the present application.

The appellee (continuing the use of that designation) has made no change in its situation in reliance upon its judgment, or at all.

The appeal was granted promptly, on the very day judgment was entered. It was perfected within six weeks and otherwise prosecuted diligently. The present application was made with reasonable promptness following our decision on the appeal. Appellant accepted the decision, not availing itself of its right to move a rehearing. It has diligently pursued its contention, made at the outset by demurrer, that the relief sought, or some of it at least, was unknown to the law and beyond the court's power to grant.

True, it mistook its remedy. And appellee stresses the fact that by its motion to dismiss it warned appellee of its mistake at a time when the remedy of certiorari was still open, if it be deemed to have been available for six months. The motion, of course, was but a claim of counsel. And while we have sustained it, there was not wanting legitimate and somewhat persuasive argument for a contrary holding. The matter was not so plain that any lack of good faith or any disposition to delay can be attributed to appellant's counsel for persisting in their own view and pursuing the broader and more complete remedy.

It is urged that if the proceeding below is void, as appellant claims it is, it has other remedies which should defeat its present ap-

plication. Those suggested would relegate appellant to a court already committed to the principles of the present judgment, and would necessarily involve another resort here, with consequent delay and expense. We have before us a complete record. We have the questions specified and briefed on the part of the appellant. A present decision on the present record is greatly to be desired, seems entirely practicable, and is questionable on technical and procedural grounds only.

Considering the facts of this particular case, being bound by no precedent, being unable to set one without the delay and expense of calling district judges to our aid, disclaiming both the intent and the power to lay down any rule for future cases, we have concluded to grant the application.

We conclude also that the case may stand as if the present record were here in response to certiorari actually issued; that the application may stand as specifying the questions presented by appellant for our decision; that appellant's brief may stand as its presentation of those questions; that appellee may file its answer brief within the usual time; and that the cause may thenceforth proceed in due course.

It is so ordered.

SADLER, C. J., and BICKLEY, J., concur.

HUDSPETH and ZINN, JJ., did not participate.