RONCK et al. v. RONCK.

No. 33728.   May 23, 1950.

*218 P. 2d 902.*

Falkenberg & Falkenberg, of Enid, for plaintiffs in error.

Raymon B. Thomas, John T. Harley, and Charles C. Leibler, all of Tulsa, for defendant in error.

GIBSON, J. This is an appeal from an order of court requiring plaintiff in error, Theresa Ronck, to surrender to defendant in error, Cornelia Joyce Ronck, the custody of a minor child, Michael Ronck. The child was born to Francis Ronck, one of the plaintiffs in error, and to Cornelia Joyce Ronck, then husband and wife, who were later divorced. Theresa Ronck, who is the paternal grandmother of Michael Ronck, was made a party to the divorce action subsequent to the decree and the issue involved arose on an order of the court directing said Theresa Ronck to show cause why she should not obey the order of the court directing her to surrender the possession of the child.

The factual situation is reflected in the following portions of the trial court's findings:

"The Court: Now, I will find the facts to be as follows:

"That in this case the parties were originally divorced on the 3rd day of July, 1945, and that the divorce was granted to the plaintiff Francis Ronck against Cornelia Joyce Ronck on the grounds of extreme cruelty, and that at that time the custody of the minor child, Michael Ronck, was given to Mrs. John Ronck and I believe Mrs. Lawrence Alles. Anyway the decree was entered, the decree which has been introduced in evidence in this case, filed on July 5, 1945.

"Thereafter various proceedings were had to change the custody of the child. On the 1st of April, 1947, the divorce decree was modified, and the custody of the child was divided between Mrs. John Ronck, grandmother, who is cited here today, and the mother, Cornelia Joyce Ronck, and the custody was given to each for alternating periods of six months, until such time as the child would reach school age, at which time the custody would go to the mother for nine months, and to the father Francis Ronck for the three months during the summer vacations. . . .

"While that decree was in force and effect, Theresa Ronck, who is the same person as Mrs. John Ronck to whom custody had been awarded for six months of each year, and on or about the 15th day of December, 1947, at which time she had the custody of the child—Mrs. Theresa Ronck at that time filed a petition in the County Court of Grant County, seeking an adoption of this child. I believe she had custody of the child at that time by agreement with the defendant in this case.

"Mr. J. E. Falkenberg: That is right.

"The Court: The defendant had agreed—she was going to California—that Mrs. John Ronck could keep the custody of the child beyond her six months period during that time, so she

had the custody of the child under the written agreement of the defendant in this case, Joyce Ronck.

"Anyway, during the time that she had that custody she instituted these proceedings and prosecuted them to completion, and the child was declared to be adopted on the 20th day of December, 1947, by the County Court of Grant County.

"Although the decree recites that the parents were present, I find that Mrs. Joyce Ronck, the mother of the child, never had any actual notice of the proceedings at all, and that she was not present at the proceedings, and she never gave her consent to the adoption.

"In my opinion a parent who has been divorced from another parent on the ground of cruelty is nevertheless entitled to notice of the adoption proceedings, and where the custody of the child has been granted to that parent for a portion of the year, my opinion is that she is required to give her consent to the adoption proceedings to make them valid.

"In other words, if that were not true this would be the situation. Many times a mother is divorced from a father on the ground of cruelty; that is, the divorce is granted to the husband upon the ground of cruelty, but the custody of the child is given to the mother.

"If this statute, Title 10, Section 44, is given a literal construction, in that case a father who wasn't even given custody of the child could nevertheless give his consent to the adoption, and the child could be taken from the mother and adopted to some third party without her consent.

"And although I concede the case of McMahon vs (sic) seems to set up that doctrine, I am of the opinion that the court will not extend the doctrine of that case to situations where the custody of the child is actually, by court order, vested in one of the parties, even though that party has been divorced from the other party by reason of cruelty.

"And the court will further take judicial knowledge of the fact that often-times cruelty is used as a ground where no actual cruelty exists at all; a party wants a divorce, and they usually put in the ground of cruelty, which is considered by most people to be the least offensive of the various grounds provided under our statutes.

"So I will hold that the adoption decree is not a valid reason for Mrs. Theresa Ronck to refuse to surrender the custody of the child to the defendant in this action, Cornelia Joyce Ronck."

Thereupon the court entered its order directing the surrender of custody, from which the appeal is taken.

In support of the several assignments of error there are urged two grounds, one, that the court was without jurisdiction to entertain the proceedings, and, the other, that the adoption was valid and the court erred in not so holding.

The theory advanced in support of the first ground is that the decree of adoption, having been entered by a court of competent jurisdiction and being regular on its face, was not open to collateral attack. The theory could be sound only if the decree of adoption were a judicial act. That such is not the case we expressly held in Re Hughes, 88 Okla. 257, 213 P. 79, when, in the syllabus, we stated:

"The adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation."

In support of the second ground it is urged that the adoption is valid notwithstanding the mother was not a party thereto, and cites as authority therefor Mahan et al. v. Moore et al., 198 Okla. 67, 175 P. 2d 345, wherein is said:

"The consent of a parent, who has been adjudged guilty of cruelty in a divorce proceeding and a divorce having been granted by reason of such cruelty, is not required in an adoption

proceeding by reason of the provisions of 10 O. S. 1941 §41 et seq."

The holding is based upon the provisions of Tit. 10 O. S. 1941 §44, which is as follows:

"A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother deprived of civil rights or adjudged guilty of adultery, or of cruelty, and for either cause divorced or adjudged to be an habitual drunkard, or who has been judiciously ·deprived of the custody of the child, on account of cruelty or neglect."

The statute recognizes that the consent of both parents, even though divorced, is necessary to an adoption, unless the divorce was granted upon the ground of cruelty of which the offending parent had been adjudged guilty. It follows that it is not the divorcement but the adjudication of cruelty that is made the basis of rendering the consent unnecessary. It is the unfitness of the one so adjudged guilty and the absence, by reason thereof, of that parental fitness necessary in determining the child's welfare that his or her consent is not required along with that of the unoffending parent. It does not follow, however, that the fact of unfitness so found is one that necessarily continues or that the court is precluded by such adjudication from inquiring therein further where it is in the interest of the child to do so. And where, upon such further inquiry, the court finds that the offending parent is fit to have the care and custody of such child and makes an award of total or partial custody, the effect thereof should be to destroy the force of the former adjudication on and after such finding and award, and we hold such to be the case. With such restoration of the mother to parental right and competency, her consent became necessary to the adoption of the child and since

such consent was not had in the proceedings relied on, the court did not err in holding same of no effect.

Order affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.