Charlie Howard FISHER, Plaintiff in Error,

v.

Martha Fisher WILSON and Hobart W. Wilson, Defendants in Error.

No. 37883.

Supreme Court of Oklahoma.

June 24, 1958.

Rehearing Denied July 30, 1958.

John Allen Phillips, II., Durant, for plaintiff in error.

Wilson Wallace, Ardmore, for defendants in error.

WELCH, Chief Justice.

We have previously held that there is no right of appeal from a decree of adoption under 10 O.S.1951 Sec. 41 et seq., In re Hughes, 88 Okl. 257, 213 P. 79, and In re Davis, 206 Okl. 405, 244 P.2d 555.

It is, however, permissible where other remedies are not provided as in this instance, to review in a proper action in the nature of certiorari, judicial proceedings of inferior tribunals, and such review by certiorari not only applies to jurisdiction to act, but extends to the manner in which the jurisdiction of the inferior court was exercised, as applied in test of jurisdiction, when a question of law with no issue of fact is involved. This court is authorized under the provisions of Sec. 2, Art. 7 of the Constitution to issue writ of certiorari in cases where no appeal or proceeding in error lies, and error cannot otherwise be corrected.

In re Benedictine Fathers of Sacred Heart Mission, 45 Okl. 358, 145 P. 494; Consolidated School District No. 8, Cimarron County v. Wilder, 148 Okl. 91, 297 P. 280; Duncan v. Askew, 207 Okl. 542, 251 P.2d 515; Allison v. Howell, 204 Okl. 404, 230 P.2d 706.

In re Morgan's Estate, 209 Mich. 65, 176 N.W. 606. The Supreme Court of Michigan held:

"While a writ of error operates to remove the record to the appellate court, yet, when technically not the appropriate remedy, it does not become a mandate compelling the court of review to act and reverse or affirm the case; but where a pure question of law proper for review by certiorari is presented and has been fully argued and submitted, the court in its discretion may regard the writ as fairly such in import and to all intents, or allow the writ of certiorari in form nunc pro tunc and reverse or affirm accordingly."

See, also, Gallup American Coal Co. v. Gallup Southwestern Coal Co., 39 N.M. 344, 47 P.2d 414; Petition of Bangor Electric Co., 295 Pa. 228, 145 A. 128–129.

In the case of Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N.M. 94, 40 P.2d 627, at page 629, on motion for rehearing, the court said:

"The suggestion was also made in conference, and aroused some interest, that it might be a useful procedural innovation if we were to hold that where an appeal has been allowed to this court and perfected by the filing of a record of the proceedings, and the appeal must be dismissed, as in this case, because the statute fails to afford that remedy, the court may of its own motion, and in a proper case, at its discretion, retain the cause as if on certiorari, deciding such of the contentions, if any, as are open on certiorari. While we concluded against proceeding thus of our own motion, we determined to give the matter further consideration in case the appellant should, as we anticipated

that it might, return with an application for certiorari."

As we observe was done and reported in 39 N.M. 344, 47 P.2d 414.

We note that the Supreme Court of New Mexico in the case of Jackling v. State Tax Commission, 40 N.M. 241, 58 P.2d 1167, 1168, had before it an appeal. There was no statute authorizing appeal in such case, but there, as in the Gallup case, there could be a review by certiorari. Therefore, in this case the court proceeded to retain the case and decide it as on certiorari, without following the cumbersome method as applied in the Gallup case.

The headnote of that case reads as follows:

"Action by D. C. Jackling against the State Tax Commission. From an adverse judgment, the plaintiff appeals. The plaintiff having no right to appeal, the Supreme Court of its own motion retained the cause as if presented on certiorari."

Here we have an appeal which has been allowed to reach this court and has been perfected by the filing of transcript of proceedings in lower court and with complete brief on each side, although there is no statutory authority therefor. This is a case which may be retained on certiorari, and by doing so, we can eliminate the possible necessity of again having to consider the same issues on certiorari at a later date, an unnecessary expense upon the litigants, and an untimely and unnecessary delay of justice.

We should here observe that no interested party has sought dismissal of this cause. Involving as it does the important matter of the validity of the adoption of children, it is made evident that both parties desire a decision on the merits. Both parties have briefed on the merits. The plaintiff in error contends the County Judge had no jurisdiction for lack of consent of the father, while the defendant in error contends such consent was not necessary. A determination on the merits is important in the lives of these children and we have found that

ample authority exists for us to retain the cause and, for the good of all, to determine the question of authority and jurisdiction of the trial court.

We therefore of our own motion elect to determine the issue as if presented on certiorari, thus considering the contentions of both parties and rendering a decision thereon as they quite apparently desired that we do.

The issue to be decided is the validity of the judgment of the trial court entered on May 31, 1957, in which judgment a decree of adoption of two minor children was ordered by said court in favor of defendants in error.

On August 23, 1952, a decree of divorce was entered by the district court of Bryan County, Oklahoma, divorcing the parents of these children. The divorce was granted to the defendant in error, Martha Fisher Wilson, the mother, on the grounds of extreme cruelty. The mother was granted the custody of the children, subject to the right of the father to have them with him at his home on two week ends, beginning on Friday and ending on Sunday, each month. The decree further provided that the father is to have the custody of the children during the time that he is on vacation in the summer months, said vacation period not to be longer than fifteen days.

A petition for adoption of said children was filed in county court of Carter County, Oklahoma, on May 27, 1957, and on May 31, 1957, a decree of adoption was issued by the county court, without the consent and over the objections of the plaintiff in error, the natural father.

The first proposition argued by the plaintiff in error is that the court was without jurisdiction to issue a decree of adoption without first having consent of the natural father.

In answer to this proposition the defendants in error cite in their brief Mahan v. Moore, 198 Okl. 67, 175 P.2d 345. We have made a study of this case and are of the

opinion that it is not applicable here. In this case relied upon by defendants in error, the divorce decree awarded the exclusive custody of the minor child to a third person, third party adopted with consent of mother, and five years later an application to modify divorce decree relating to child was filed. The lower court sustained a motion to dismiss on theory this was a collateral attack upon decree of adoption, and was upheld by this court.

In the case of In re Hughes, 88 Okl. 257, 213 P. 79, 80, we held:

"The adoption of a child is essentially a matter of contract between the parties whose consent is required, and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation."

In the case of Ronck v. Ronck, 203 Okl. 121, 218 P.2d 902, we held:

"Where, after granting a divorce upon the ground of cruelty, the court, under its continuing jurisdiction over the matter of the custody of the child of the divorced parents, finds at a later time that the parent, so adjudged guilty of cruelty, is fit and proper to exercise parental care and custody of the child and awards to such parent total or partial custody, the adjudication of cruelty in the divorce decree is no longer operative within the purview of 10 O.S.1941 § 44, and the consent of such parent is necessary to an adoption of the child thereafter."

■ Here we have a situation which had been very common prior to the statute authorizing a divorce on grounds of incompatibility. That is where the parties had agreed prior to filing of petition for divorce as to the grounds for divorce, and as to the custody and support of children. The court will take judicial notice of the fact that cruelty oftentimes is used as a ground for divorce where no actual physical cruelty exists. The ground of cruelty had been considered by many people as least offensive of the various grounds provided

by our statutes prior to the Legislature adding the ground of incompatibility.

█ The statute recognizes that the consent of both parents is necessary to an adoption, unless the divorce was granted upon the ground of cruelty of which the offending parent had been adjudged guilty. It is not the divorcement, but the adjudication of cruelty that is made the basis of rendering the consent unnecessary. It is the unfitness of the one so adjudged guilty to exercise parental control, and the child's welfare is to be considered, in determining that said parent's consent is not necessary for adoption. Where the court finds the offending parent is fit to have partial care and custody of the children, and provides therefor in the decree of divorce or at a later hearing, the effect thereof destroys the force of the adjudication of cruelty within the purview of 10 O.S.1951 Section 44, and consent of the offending parent is necessary to an adoption.

This decree of adoption was ordered by the county court without the consent of the natural father which we hold to be necessary in this instance, therefore said decree is invalid, and the order of said county court is reversed, vacated and set aside.

DAVISON, HALLEY, JOHNSON, WILLIAMS and CARLILE, JJ., concur.

CORN, V. C. J., and BLACKBIRD and JACKSON, JJ., dissent.

CORN, Vice Chief Justice (dissenting).

The facts in this case are not such as to authorize this court in changing the attempted appeal to one of certiorari. By changing the action as it has without an informer or movant, and without the knowledge or consent of either the plaintiff or the defendant the court has in effect instituted an action on its own motion. I am not saying that the court should not do that if and when a public question of great importance arises when the state is involved and there is no other remedy available as in the two cases from the State of Mexico used as authority for the majority opinion. This is not that kind of a case. No public interest is involved, and there is a remedy otherwise. The plaintiff in error could get his right to the custody of the children enforced by the court where the divorce was granted, and his right to the custody of the children obtained. Also Habeas Corpus would lie in the proper forum.

This court has changed the action and taken jurisdiction solely for the reason the judgment appealed from is thought to be void. Admitting that the judgment appealed from is void that is no basis for changing the action to one of certiorari. It lies only when there is no right of appeal or remedy otherwise provided. This court should not be concerned about the merits of a case in determining whether it will take jurisdiction by certiorari, but ascertain if there is any other remedy available for the parties. If so the relief sought by certiorari should be denied. If there is no other remedy then upon proper application, and order of the court directing the record of the lower court be certified to this court and when that is done the court, after reviewing the record, decides the case on the merits by either affirming or reversing the judgment of the trial court. Had the trial court denied the mother and her husband the right to adopt the children, and his judgment, for argument sake, was correct, would this court then change the attempted appeal, without an informer or movant, and without even the knowledge or consent of either of the parties by taking jurisdiction as in certiorari. My guess is the court would not. If I am right then it is evident the attempted appeal was changed to one in certiorari not because there was no other remedy available.

I respectfully dissent.

I am authorized to state that Justice BLACKBIRD concurs in the views herein expressed.