**Charlotte Dean MARSTON, Plaintiff in Error,**

v.

**Robert Eugene MARSTON and Irma Jo Marston, Defendants in Error.**

**No. 39985.**

Supreme Court of Oklahoma.

Feb. 11, 1964.

Gerald F. O'Brien, Van Cleave, Thomas, Liebler & Gresham, Tulsa, for plaintiff in error.

Rheam & Noss, Tulsa, for defendants in error.

DAVISON, Justice.

This is an appeal by Charlotte Dean Marston from a decree of adoption rendered October 4, 1961, by the Juvenile Court of

Tulsa County granting the petition of Robert Eugene Marston and Irma Jo Marston for the adoption of four minor children. The children's ages ranged from 4 years to 10 years and are the children born to Charlotte and Robert during their prior marriage. Irma is the present wife of Robert Eugene Marston.

Robert and Irma invoked the jurisdiction of the Juvenile Court in adoption proceedings (20 O.S.1961 § 773, Subd. 5, and 10 O.S.1961 § 60.4) and filed their petition for adoption pursuant to the Oklahoma Uniform Adoption Act of 1957, 10 O.S.1961 § 60.1 et seq. The petition alleges inter alia that it was not necessary to procure the consent of Charlotte to the adoption because the divorce granted to Robert and against Charlotte in Tulsa County was granted on the ground that Charlotte was guilty of gross neglect of duty to Robert and the children and deprived Charlotte of custody of the children. The copy of the divorce decree attached to the petition reflects the divorce was granted on that ground and on the further ground of incompatibility. The divorce decree also provided that the possession, custody, care, and education was confided exclusively in Robert, and further "that defendant (Charlotte) shall have the right of visitation with said minor children at reasonable times."

A separate application was filed asking that the children be declared eligible for adoption without consent of Charlotte. The grounds set forth in this application were the above described provisions of the divorce decree. The notice of hearing the petition and application stated that the alleged reasons why Charlotte's consent to the adoption was not required was because of the provisions of the divorce decree. In her response Charlotte denied the jurisdiction of the Juvenile Court to amend, modify or change the terms of the divorce decree and set forth and relied upon the rights of visitation granted to her therein and alleged she had not waived this right and denied she was now guilty of gross neglect of her duty to her children.

All parties appeared at the hearing. It was shown that Robert, and later he and Irma, had retained exclusive possession and custody of the children after the divorce. It was further shown that Charlotte had not exercised her visitation rights because she resided a considerable distance from Tulsa, and lacked funds to make the journey. Charlotte testified she had written letters to the children and had sent gifts on birthdays and at Christmas. The lower court made a separate order determining the children eligible for adoption without the consent of Charlotte and based the same on quoted portions of the divorce decree that are set out above in narrative form. The court then rendered a decree of adoption in favor of Robert and Irma, vesting the exclusive care, custody and control of the children in them, and relieving and depriving Charlotte of all rights over the children or to their care, custody and control.

The question to be determined is whether the visitation rights granted to Charlotte in the divorce decree made it necessary that she consent to the adoption in order to have a valid adoption decree.

The question must be considered in the light of the following provisions of 10 O.S. 1961 §§ 60.6 and 60.7:

60.6 "A legitimate child cannot be adopted without the consent of its parents, if living, * * * except that consent is not necessary from a father or mother deprived of civil rights or adjudged guilty of cruelty, and for either cause divorced, * * *, or who has been judicially deprived of the custody of the child by any court of competent jurisdiction on account of cruelty or neglect.

60.7 "Where a parent has been adjudged guilty of cruelty or extreme cruelty or gross neglect of duty and divorced or judicially deprived of the custody of a child on account of such cruelty or extreme cruelty or gross neglect of duty, * * * it shall not be necessary to procure the consent of

such parent to the adoption of said child."

It is noted that the prior controlling statute (10 O.S.1951 § 44) is practically the same as the present Sec. 60.6, supra.

In Ronck v. Ronck, 203 Okl. 121, 218 P. 2d 902, and Fisher v. Wilson, Okl., 328 P. 2d 420, we held that in a divorce action where a parent was found guilty of cruelty and for that reason divorced and, by the divorce decree or modification thereof, was awarded partial custody of the child, the consent of such parent was thereafter necessary to an adoption of the child.

In Lear v. Groves, Okl., 287 P.2d 447, this court stated:

"The consent of a parent is not required in an adoption proceeding by reason of the provisions of 10 O.S. 1951 § 41 et seq., where such parent has been adjudged guilty of cruelty in a divorce proceeding and a divorce has been granted by reason of said cruelty and the parent has further been denied the care, custody, control and *visitation* of the child being adopted." (Emphasis ours)

■ In line with these decisions it appears that in applying statutes like or similar to Secs. 60.6 and 60.7, the great weight of authority is that where in a divorce action the custody of the child is given to the innocent spouse with right of visitation to the offending spouse, the consent of the offending spouse is a prerequisite to a valid adoption in a later adoption proceeding. The reason for such conclusion is that consent lies at the foundation of adoption statutes and that considering the conclusive and far-reaching effect of an adoption decree it is necessary in order to enable one parent having custody and control of a child to effectually consent to its adoption by another, such custody and control must be of such an absolute and unconditional nature that the other parent's right in the child is extinguished, or the other parent's conduct is such as to estop him or her from asserting such right.

In Onsrud v. Lehman, 56 N.M. 289, 243 P.2d 600, the court considered a situation and statutory provision very similar to that presented by the present appeal. After discussing the authorities and citing Annotation, 91 A.L.R. 1387, the court stated:

"It is our opinion that where a divorce decree is rendered on the ground of cruelty to a spouse who is granted the custody of the children, with the right of visitation granted the offending spouse, that the consent of the latter is a necessary prerequisite to the entering of a decree of adoption."

See also Annotation, 47 A.L.R.2d 824 and 2 Am.Jur.2d, Adoption, Sec. 27, p. 882 and Sec. 28, p. 883.

■ This court has recently promulgated its decision in Davis v. Neely, Okl., 387 P. 2d 494, in which we determined the validity of an adoption decree by the Children's Court of Oklahoma County. Therein it was held that 20 O.S.1961 Sec. 863, subd. 4 and 5, granted the Children's Court the power and authority to hear and determine adoption proceedings and also to determine custody of children living in the County. In the cited case we found from the record that prior or preliminary to granting a petition for adoption the Children's Court, based on evidence, specifically divested the parent "of any rights of custody or visitation" that might remain to him, and thereby eliminated any requirement for his consent to the adoption. Title 20 O.S.1961 § 773, subd. 4 and 5, applicable to Juvenile Courts, are identical to said Sec. 863, subd. 4 and 5, and we may assume that the Juvenile Court has the same power and authority relative to such adoption and custody as is vested in the Children's Court. However the decision in the Davis case does not support the order and decree of the Juvenile Court in the present appeal because the situation is not the same. As shown by our statement of the instant proceeding and from our examination of the record the petitioners and the court relied exclusively upon the provisions of the prior divorce decree as rendering the children

eligible for adoption without the consent of Charlotte. There was no finding or order of termination of Charlotte's rights of visitation as a prelude to or basis for a determination that her consent was not required and the termination of Charlotte's rights was purely the result or aftereffect of the adoption.

Until such time as the lower court finds that an order should be entered terminating the visitation rights of Charlotte a predicate has not been laid for adoption without her consent.

It is our conclusion that the adoption decree is invalid and the decree of said Juvenile Court is reversed with instructions to proceed in accordance with the views herein expressed.

BLACKBIRD, C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., and WILLIAMS, J., concur in result.