In the Matter of the ADOPTION OF
B.K.J., a Minor Child.

Vicki Jackson DESKIN, Appellant,

v.

Harry R. ROGERS and Elizabeth
Rogers, Appellees.

No. 54117.

Supreme Court of Oklahoma.

Jan. 5, 1982.

See also, 639 P.2d 615.

Robert Leyton Wheeler, Inc. by Thomas S. Bala, Oklahoma City, for appellant.

Loyde H. Warren, Oklahoma City, for appellees.

LAVENDER, Justice:

The facts essential for the determination of this appeal are as follows:

On February 5, 1976, the District Court of Oklahoma County entered a decree divorcing Vicki Jackson (now Vicki Jackson Deskin), Appellant, (Vicki) and Patrick Jackson, awarding custody of their thirteen month old son B.K.J. (Brian) to Vicki and awarding Vicki a sum to be paid by Patrick Jackson monthly by way of child support. Vicki engaged Elizabeth Rogers, one of the Appellees, who operated a day care center next door to Vicki, to care for Brian week days for an agreed fee. In June 1977, Patrick Jackson ceased paying child support as had been directed by the divorce decree, resulting in a contempt citation being procured by Vicki. Patrick Jackson countered with a motion to modify the decree by awarding the custody of Brian to him. Appellees, Harry Rogers and Elizabeth Rogers, husband and wife, and Brian's maternal grandfather intervened.

Faced with a crowded trial docket and a resultant delay in hearing the cause, the district court judge entered a temporary order in the cause on October 4, 1977,

granting temporary custody of Brian to the Rogers, ordering Patrick Jackson to pay the child support payments directly to the Rogers, and setting the cause for further hearing to be had on December 5, 1977.

On December 7, 1977, the district court entered a journal entry by agreement of all of the parties and without hearing evidence, confirming the journal entry of judgment of October 4, 1977, except for the following: Patrick Jackson was ordered to pay to the Rogers "as and for his contribution and child support of the minor child the sum of $75.00 per month commencing on the 15th day of December, 1977, and a like sum each month thereafter until further order of the court." The journal entry further provides: "It is further agreed by and between the captioned parties and the Intervenors, Harry R. Rogers and Elizabeth Rogers, that the said Intervenors will make no application for the adoption of said minor child." The journal entry also recites: "It is further ordered that all parties herein hereby reserve their rights, without prejudice, to all causes of action and defenses which existed at the entry of this order and shall have the right to present the same upon the filing of any motions presented herein by any of the parties hereto."

In August 1978, Vicki filed a motion to modify the custody orders, alleging a change in conditions and seeking custody of Brian, which motion was set for hearing to be held in December 1978. For some reason not clear in the record, the hearing was apparently delayed. On February 6, 1979, Vicki filed a motion requesting an immediate hearing, stating her motion for custody was then set for May 9, 1979. She further alleged a change in conditions including her marriage to Deskin, her obtaining regular employment, and her increased stability and suitability for custody of Brian.

On February 14, 1979, the Rogers filed separate proceedings in the probate division of the district court seeking their adoption of Brian and applying to the district court for an order determining that the child was eligible for adoption without the consent of its natural parents.

On February 15, 1979, Vicki filed motions in the adoption proceedings alleging prior pending jurisdiction of the district court on her motion for change of custody and asking the district court to dismiss the adoption proceedings, Vicki's motion for custody having been set for hearing on temporary matters on March 12, 1979, and hearing on the merits for May 1, 1979, said matters having in the meantime been assigned to the juvenile division of the district court.

While Vicki's motion to modify and to grant her custody of Brian was pending, and over Vicki's objections, a hearing was conducted on June 25, 1979, in the adoption proceedings, as a result of which the district court held and determined that neither of Brian's parents had contributed to his support for a period of one year preceding the filing of the petition for adoption, and further determining that Brian was eligible for adoption without the consent of either of his natural parents.

It is from this ruling that Vicki appeals.

We will first consider whether the agreed journal entry approved by the district court on December 7, 1977, in the divorce case and containing the agreement by the Rogers that they will make no application for the adoption of Brian constitutes a contractual bar to a subsequent application by the Rogers for their adoption of the minor child, or whether it constitutes an estoppel of their right to subsequently apply to the courts for permission to adopt the child.

This court has many times held that children are not legally subject to gift, barter, or sale.[1] But it does not necessarily follow that all agreements pertaining to custody and adoption of minor children are void. Under appropriate circumstances, a natural mother may sign away her rights to a child

1. *Taylor v. Taylor*, 182 Okl. 11, 75 P.2d 1132 (1938); *Osburn v. Roberts*, 197 Okl. 206, 169 P.2d 293 (1946); *Nasalroad v. Gayhart*, 208 Okl. 447, 257 P.2d 299 (1953).

to an orphanage,[2] and both parents can transfer custody of a child to a third person.[3] Indeed, we have held that adoption of a minor child is essentially a matter of contract between parties whose consent is required and is not a judicial act (although judicial sanction is required), and therefore adoption proceedings are subject to collateral attack in a divorce action in which natural and adoptive parents of the child were parties.[4] And an agreement to adopt a child as one's own, and make it an heir, is a valid consideration for the contract of adoption, and the child for whose benefit the contract is made may sue to enforce such contract.[5] A perusal of the cases which deal with custody agreements between parents and agreements relating to the transfer of custody to third parties generally reveals and demonstrates that the prevading force which determines the effect and the enforceability of such agreements is the welfare of the child.[6]

That a third party unrelated by blood to the child or its parents but who has formed an attachment for the child through love and affection or concern for its welfare has justiciable status to seek its adoption is not subject to question. However, this court has not heretofore had before it the question of the validity and the binding effect of an agreement by such third party that such party will not make application to the courts for the adoption of said child. It is sufficient to say in the case before us that the contractual commitment made by the Rogers that they would not apply for the adoption of Brian as set forth in the agreed journal entry of December 7, 1977, is not binding beyond the conditions and circumstances existing at the time the commitment was made. To hold otherwise is to risk an unconscionable restraint on what could be the best haven of hope and refuge

for a child and thereby a restriction to its welfare and best interests. In so holding, we do not mean to suggest that such is the case here, for that question is not now before us, and we leave to the proper forum the determination of whether the circumstances and conditions existing at the time a proper application for adoption is heard should result in the application for adoption by third parties being granted.

■ We next consider whether a motion to modify the divorce decree by awarding custody of the child to Vicki which was pending before the district court at the time the Rogers (who were intervenors in the divorce proceedings) filed an application in the district court for the termination of parental rights of Vicki and of Patrick Jackson, parents of the child, thereby divested the district court of the power and authority to hear and determine the termination of parental rights application prior to a hearing and determination by the court of the motion to modify.

In the case of *Crawford v. Young*,[7] this court quoted with approval from 14 Am. Jur., Courts, § 243 as follows:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action. * * * The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. * * *."

2. *Smith v. Williams*, 182 Okl. 531, 78 P.2d 808 (1938).

3. *Zink v. Milner*, 39 Okl. 347, 135 P. 1 (1913).

4. *Ronck v. Ronck*, 203 Okl. 121, 218 P.2d 902 (1950); *In re Hughes*, 88 Okl. 257, 213 P. 79 (1923); *In re Adoption of Graves*, Okl., 481 P.2d 136 (1971).

5. *Eggstaff v. Phelps*, 99 Okl. 54, 226 P. 82 (1924).

6. See 59 Am Jur 2d, Parent and Child, §§ 33, 34; 2 Am Jur 2d, Adoption, § 46.

7. Okl., 397 P.2d 497 (1964).

**614**

In the case of *State v. Lohah*,[8] this court affirmed our holding in *Crawford, supra*, and further held that the jurisdiction of the district court having been first invoked in proceedings brought for divorce between the parties and the care, custody, welfare and education of minor children of the parties, that the power and authority to determine the cause is exclusively lodged in the divorce proceedings and no other court of concurrent or coordinate jurisdiction may hear and determine matters pertaining to child care and custody while the divorce proceedings are pending.[9]

*Crawford* and *Lohah, supra*, were both decided prior to the enactment of 20 O.S. 1971, § 91.1 et seq. which became effective January 13, 1969, and which made the district courts of the State of Oklahoma the successors to the jurisdiction of all other courts. However, the enactment of 20 O.S. 1971, § 91.1 does not detract from the precedential force of those decisions as applied to this case. In *Duke v. Nelson*, Okl.App., 536 P.2d 412, 413 (1975), the court therein held with reference to § 91.1:

"The new Judicial Article did not abolish nor alter the distinction between various types of court actions whether established by common law or statutes. Probate proceedings are strictly statutory. The purview of probate proceedings in Oklahoma will be the same in the District Court as they were in the County Court unless changed by statute."

Thus, while all court proceedings are now lodged and pending in the district court, the *nature of the proceeding* within the district court retains its historical distinction as to the type of action encompassed therein, unless otherwise expressly provided by statute. Here, therefore, the divorce *proceedings*, including postjudgment matters relating to child custody and support, are separate and distinct from adoption *proceedings*, though either or both may be pending in the district court.

In the case before us, the jurisdiction of the district court having been invoked by Vicki's motion to modify the divorce decree by awarding her custody of Brian, and all of the parties having been joined in the cause, that court's authority in the divorce proceedings to determine all matters pertaining to child care, custody, and support was exclusive.

The Rogers contend that the divorce proceedings were consolidated with the adoption proceedings by order of the district court pursuant to 10 O.S.Supp.1978, § 1102. However, the transfer or consolidation of proceedings involving children therein referred to clearly relates to and is confined to proceedings brought alleging a child to be delinquent, in need of supervision, or deprived within the meaning of 10 O.S.Supp.1978, § 1101, none of which allegations or proceedings are involved here.

Having determined that the cause in which the motion to modify the divorce decree by changing child custody orders should have been accorded an inter-divisional deference and the adoption proceedings should have been stayed until the post-judgment divorce proceedings are concluded, we find it unnecessary to consider any other issues raised on appeal.

The judgment of the lower court is hereby reversed and the cause remanded with directions to grant appellant a hearing on her motion to modify the divorce decree as to child custody in cause JFD–75–7967 below.

BARNES, V. C. J., and SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.

---

**8.** Okl., 434 P.2d 928 (1967).

**9.** Accord, see *Stratton v. Steele*, Okl., 519 P.2d 468 (1974).